## KRAUT v. SANTACROCE.

(Supreme Court, Appellate Division, First Department.   December 29, 1911.)

SALES (§ 358*)—ACTION FOR PRICE—ADMISSIBILITY OF EVIDENCE.
     In an action for the price of beans sold by sample, where the evidence
     was in conflict as to whether one or two samples had been exhibited by
     the seller, the exclusion of testimony of a witness who was present at
     the time of the sale, and who presumably could have testified as to the
     circumstances of the sale, was reversible error.
     [Ed. Note.—For other cases, see Sales, Dec. Dig. § 358.*]

Appeal from Trial Term, New York County.

Action by Herman Kraut against Nicola Santacroce.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Alfred D. Lind, for appellant.
Isaac Josephson, for respondent.

SCOTT, J.   Defendant appeals from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

The action is for goods sold and delivered, and the defense is that the goods delivered were not up to sample.  The defendant's testimony was to the effect that plaintiff showed him two samples of beans, which were the subject of sale, one of inferior and one of superior quality; that he purchased 100 bags of the superior quality, but that beans of an inferior quality were delivered.  He produced on the trial the sample of beans which he said had been given him at the time, and it was clearly shown that the beans delivered were not equal in quality to the sample then produced.  The plaintiff testified that, at the time of sale, he had exhibited to defendant only one sample of beans, and that it corresponded in quality with the beans delivered.  He accounted for the superior appearance of the sample produced by defendant by the suggestion that the latter had picked out of the sample given to him all the inferior beans.  It thus became an important question in the case whether plaintiff had exhibited one or two samples of beans at the time of sale, and what was said between the parties as to the quality of the beans to be delivered.

During the course of the trial a witness was produced and sworn, who, as was testified to, was in defendant's place of business when the bargain was made between plaintiff and defendant, and who presumably could have testified to the circumstances of the sale.  He was not, however, allowed to do so.  The grounds of objection to his testimony were not stated by plaintiff's counsel, and the reason for rejecting the evidence is not apparent.  We think that his testimony would have been material and relevant, and possibly decisive.  It was error to exclude it.

The judgment and order appealed from must accordingly be reversed, and a new trial granted, with costs to appellant to abide the event.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes